

**FILED**
**NOVEMBER 27, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| RONALD M. FAJERSTEIN, | ) |
| | ) |
| Respondent. | ) |

**07 C 6669**

**JUDGE KENDALL**
**MAGISTRATE JUDGE MASON**

### PETITION TO ENFORCE
### INTERNAL REVENUE SERVICE SUMMONS

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, petitions the court as follows:

1. This proceeding is brought pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code, 26 U.S.C. §§ 7402(b) and 7604(a), to judicially enforce an Internal Revenue Service summons.

2. Jason Gibson is a special agent of the Internal Revenue Service, employed in the Criminal Investigation Division at Downers Grove, Illinois, and is authorized to issue an Internal Revenue Service summons pursuant to the authority contained in Section 7602 of the Internal Revenue Code, 26 U.S.C. § 7602. Treasury Regulations, Section 301.7602-1, 26 C.F.R. § 301.7602-1.

3. Agent Gibson has been assigned to investigate the federal income tax liabilities of Fajerstein Diamond Importers & Cutters, Inc., for the taxable years ended December 31, 2000, 2001, 2002, 2003, 2004, and 2005, as set forth in the Declaration of Jason Gibson ("Gibson Declaration") attached as Exhibit A.

4. The respondent, Ronald M. Fajerstein ("Fajerstein"), is the responsible officer and sole shareholder of Fajerstein Diamond Importers & Cutters, Inc., and resides or is found at 67 East Madison, Suite 1730, Chicago, Illinois, 60603, within the jurisdiction of this court.

5. As the sole shareholder of Fajerstein Diamond Importers & Cutters, Inc., the Internal Revenue Code requires respondent Fajerstein to report 100% of the net loss or gain from his company on his Form 1040 U.S. Individual Income Tax Return.

6. Internal Revenue Service records indicate that respondent Fajerstein filed Forms 1040 for tax years 2000 through 2002, but did not file Forms 1040 for tax years 2003 through 2005. Fajerstein also filed Forms 1120S for Fajerstein Diamond Importers & Cutters, Inc. for tax years 2000 through 2002, but did not file Forms 1120S for 2003 through 2005.

7. As the responsible officer and sole shareholder of Fajerstein Diamond Importers & Cutters, Inc., respondent Fajerstein is in possession and control of testimony and documents concerning the above-described investigation.

8. On March 26, 2007, an Internal Revenue Summons was issued by agent Gibson directing respondent Fajerstein to appear before agent Gibson and/or his designee, on April 9, 2007, at 2001 Butterfield Road, Esplanade Building, Suite 1205, Downers Grove, Illinois 60515, to produce for examination books, records, and other data described in the summons. An attested copy of the summons was personally served to respondent Fajerstein by agent Gibson on March 26, 2007. The summons is attached and incorporated at Exhibit B.

9. On March 26, 2007, agent Gibson personally served the notice required by section 7609(a) of Title 26, U.S.C., on respondent Fajerstein.

10. On Friday, April 6, 2007, Mr. William F. Marutzky, legal counsel for respondent Fajerstein and Fajerstein Diamond Importers & Cutters, Inc., faxed agent Gibson a letter identifying

himself as the attorney of record, attaching to the faxed letter an executed copy of IRS form 2848 – Power of Attorney, signed by both the client and attorney. The faxed letter further stated that the taxpayer required additional time to locate and assemble the summonsed documents and would not be able to meet the April 9, 2007 production date. Letter attached as Exhibit C.

11. On April 9, 2007, respondent Fajerstein did not fully comply with the summons by testifying or by fully producing all of the requested books, records, and other documents. Respondent Fajerstein's refusal to comply with the summons continues to this date, as set forth in the Gibson Declaration, attached as Exhibit A.

12. On Monday, April 9, 2007, agent Gibson called Mr. Marutzky, who indicated he would speak with his client regarding production of the summonsed documents and would call back toward the end of the week. *Id.*

13. On Friday, April 13, 2007, agent Gibson called Mr. Marutzky to inquire about the status of the summonsed documents. Mr. Marutzky stated that he anticipated producing the summonsed documents in PDF format by Wednesday, April 18, 2007. *Id.*

14. No documents were produced on April 18, 2007, nor did agent Gibson hear from Mr. Marutzky or respondent Fajerstein. *Id.*

15. Agent Gibson left voice messages for Mr. Marutzky on May 8 and May 15, 2007; neither call was returned. *Id.*

16. The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

17. All administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.

18. It is necessary to examine the books, papers, records, or other data sought by the summons in order to properly investigate the federal tax liability of Fajerstein Diamond Importers & Cutters, Inc., for the taxable years ended December 31, 2000, 2001, 2002, 2003, 2004, and 2005, as evidenced by the Gibson Declaration, attached and incorporated as part of this petition.

WHEREFORE, petitioner respectfully prays:

1. That this court enter an order directing the respondent to show cause, if any, why he should not comply with and obey the summons served upon him and each and every requirement thereof;

2. That this court enter an order directing the respondent to obey the summons served upon him, and each and every requirement thereof, and ordering his attendance and testimony and the production of books, records, documents and other data as required by the terms of the summons before agent Gibson, or any authorized officer of the Internal Revenue Service, at such time and place as may hereinafter be fixed by agent Gibson, or any authorized officer of the Internal Revenue Service, or by this court;

3. That the United States recover its costs in maintaining this action;

4. That the court render such other and further relief as is just and proper.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


       By:  s/ Harpreet K. Chahal
        HARPREET K. CHAHAL
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-1996